IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JAMES BRIAN WRIGHT, )
)
        Plaintiff, )
)
vs. )    Case No. CIV-09-478-JHP-SPS
)
MONTE JOHNSON, et al., )
)
        Defendants. )

## **ORDER**

After reviewing the Amended Complaint, this Court finds that the Amended Complaint shall be dismissed based on prosecutorial immunity, statute of limitations and failure to state a claim upon which relief may be granted.

## **Allegations**

Plaintiff brings this civil rights complaint alleging wrongful conviction, violation of his Sixth Amendment rights to effective assistance of counsel, violation of his Eighth Amendment right to be free from cruel and unusual punishment and violation of his Fourteenth Amendment right to due process. Plaintiff's claims relate to the prosecution of criminal charges in the district court of Sequoyah County, Oklahoma in June of 2000.[1] In his Amended Complaint, Plaintiff names three defendants: Monte Johnson, identified by Plaintiff as his court-appointed attorney; Robie Cowan, the District Attorney; and the State of Oklahoma. He describes his criminal history background to include a five year deferred

---

[1] Plaintiff was apparently charged in Case No. CF-1997-56 but was not brought to Sequoyah County to stand trial on these charges until June of 2000.

probationary sentence in July of 1994. Subsequent thereto, Plaintiff's probation was revoked and an arrest warrant was issued in October, 1996. Plaintiff was next arrested on unrelated federal charges and while in custody a second warrant was apparently issued in the district court for Sequoyah County, Case No. CF-97-56. Defendant Johnson was appointed by the Court to represent Plaintiff in this state court case. Plaintiff claims there were defects in 1994 deferred sentence case which Defendant Cowan should have been aware of and that the defendants conspired against him to deprive him of his Sixth[2], Eighth[3] and Fourteenth Amendment rights. In his request for relief, Plaintiff asks for a declaratory judgment that his constitutional rights were violated; compensatory damages in excess of $3,750,000.00; and punitive dames of $30,000.00. *See*, Doc. 29.

## **Legal Analysis**

### *A. Standard for Dismissal*

Title 42 U.S.C. § 1983 provides a federal remedy against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Two prima facie elements must be alleged in a 1983 complaint: 1) the defendant deprived the plaintiff of a right secured by the 'Constitution and laws' of the United States and 2) the defendant acted 'under color of law.' *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

---

[2] Plaintiff claims he was deprived of his Sixth Amendment right to effective assistance of counsel in 2000 when Defendant Johnson was appointed to represent him on the 1997 charges.

[3] Plaintiff's allegations of violations of his Eighth Amendment rights stem from assaults and/or injuries he sustained in 2001 and 2002 "as a direct result of [his] requirement to register as a sex offender."

2

Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. § 1915(e)(2)(B). A civil rights claim should be dismissed only where it appears that the plaintiff could prove no set of facts entitling him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1516 (10th Cir. 1988) (citing *Owens v. Rush*, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). In reviewing a claim for dismissal under Fed.R.Civ.P. 12(b)(6), all of the factual allegations in the complaint must be presumed true and construed in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). A *pro se* litigant's pleadings are held to less stringent standards than those drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, the district court can not assume the role of advocate for a *pro se* litigant and should dismiss claims that are supported by vague or conclusory allegations. *Hall*, 935 F.2d, at 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for a dismissal under § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

## B. Plaintiff's Claims

### 1. Claims against Defendant Johnson

Plaintiff alleges in his Amended Complaint that Monte Johnson was his court-appointed attorney in criminal proceedings brought against him in the District Court of Sequoyah County, Case No. CF-97-56. Mr. Johnson was appointed in 2000.

A public defender does not "act under color of state law" when exercising his independent professional judgment on behalf of his client in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) and *Harris v. Champion*, 51 F.3d 901, 909 (10th Cir. 1995). Defendant Johnson, therefore, is not liable for an alleged § 1983 civil rights violation. While public defenders are not immune from liability with regard to alleged conspiratorial action with state officials to deprive a criminal defendant of his federal constitutional rights, *see Tower v. Glover*, 467 U.S. 914, 920-21 (1984), the court finds plaintiff's allegations of a conspiracy between Mr. Johnson and state officials are unsupported and conclusory.

### 2. *Claims against Defendant Cowan*

Plaintiff's Amended Complaint alleges Robie Cowan was the state court prosecutor. A state prosecutor is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991). A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. *Imbler*, 424 U.S. at 430.

4

Applying these principles to the instant case, the Court finds that the actions of Defendant Cowan complained of by Plaintiff were taken in prosecuting criminal charges against Plaintiff and are the type of conduct protected by absolute immunity. Additionally, as indicated previously, Plaintiff's allegations of conspiracy are unsupported and conclusory. Further, to the extent the claims occurred many years prior to December 10, 2007, they are barred by the Oklahoma statute of limitations. Therefore, Defendant Cowan is entitled to absolute prosecutorial immunity from civil damages. Plaintiff's complaint seeking damages against Defendant Cowan shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. *Claims against State of Oklahoma*

Neither the state nor a state official who acts in his official capacity are "persons" within the meaning of § 1983. *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Thus, the State of Oklahoma is not a proper party herein.

### Conclusion

After liberally construing Plaintiff's *pro se* Amended Complaint, the Court finds Plaintiff seeks monetary damages from defendants who are immune from such relief. Furthermore, the Amended Complaint fails to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),(iii), the complaint shall be dismissed.

It is so ordered on this  22nd  day of March, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

5