IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES BRIAN WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-478-JHP-KEW |
| ) | |
| MONTE JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This matter comes on for consideration of Plaintiff's "Motion for Reconsideration Pursuant to Rule 60(b)." Doc. 32. Plaintiff requests this Court reconsider the Order entered on March 22, 2010, which dismissed this action based on prosecutorial immunity, failure to state a claim upon which relief could be granted and because the statute of limitations barred the action. Doc. 30. Construing Plaintiff's motion to reconsider liberally,[1] it appears Plaintiff is trying to assert that the statute of limitations should be tolled due to his mental deficiencies. All of the allegations in Plaintiff's Amended Complaint occurred in 1994 and 2000, with the last action occurring when Plaintiff was sentenced on June 22, 2000.

The Oklahoma statute of limitations period for a civil rights action is two years. *See*, *Abbitt v. Franklin*, 731 F.2d 661 (10th Cir. 1984). Although Oklahoma permits the tolling of the statute of limitations where a "legal disability" exists,[2] where a person is able to conduct their own business affairs, they are not considered to be under a "legal disability."

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] *See*, OKLA. STAT. tit. 12, § 96 (West 2000).

*Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (citing *Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992). While Petitioner may be claiming that his "documented history of psychological/psychiatric history" establishes he was under a "legal disability" such that the statute of limitations should be tolled, the record provided by Plaintiff does not convince this Court that between June 22, 2000 and June 22, 2002, Plaintiff was so incapable of managing his own affairs that he could not have taken the steps necessary to file his civil rights action. Additionally, Oklahoma's discovery rule tolls the statute of limitations "until an injured party knows of, or in the exercise of reasonable diligence, should have know of or discovered the injury and resulting cause of action." *Id*. *See also*, *Morris v. Wise*, 293 P.2d 547 (Okla. 1956). Plaintiff has submitted absolutely no evidence to establish that the defendants did anything to conceal the facts and/or law regarding Plaintiff's conviction as a juvenile and, in fact, Plaintiff knew how old he was when he was convicted in 1994 and he could have researched the law applicable to convictions of minors in Oklahoma. Even though Plaintiff did not request and therefore did not receive post-conviction relief in the state court until May 1, 2008, the facts and law which entitled him to that relief should have been known or with reasonable diligence could have been discovered by him before the statute of limitations terminated his claim in June of 2002. As a result, this Court finds Petitioner is not entitled to equitable tolling and that the statute of limitations bars the civil right claims raised in his Amended Complaint. Accordingly, this Court denies Plaintiff's Motion to Reconsider. Furthermore, for the reasons cited herein, Plaintiff's request to amend his Complaint to include Sequoyah County as a defendant is hereby denied.

It is so ordered on this  26th  day of October, 2010.

                                                */s/ James H. Payne*
                                               James H. Payne
                                               United States District Judge
                                               Eastern District of Oklahoma